CHIEF JUSTICE
  CAROLYN WRIGHT

JUSTICES
  DAVID L. BRIDGES
  MOLLY FRANCIS
  DOUGLAS S. LANG
  ELIZABETH LANG-MIERS
  ROBERT M. FILLMORE
  LANA MYERS
  DAVID EVANS
  ADA BROWN
  CRAIG STODDART
  BILL WHITEHILL
  DAVID J. SCHENCK
  JASON BOATRIGHT

LISA MATZ
CLERK OF THE COURT
(214) 712-3450
theclerk@5th.txcourts.gov

GAYLE HUMPA
BUSINESS ADMINISTRATOR
(214) 712-3434
gayle.humpa@5th.txcourts.gov

FACSIMILE
(214) 745-1083

INTERNET
WWW.TXCOURTS.GOV/5THCOA.ASPX



**Court of Appeals**
**Fifth District of Texas at Dallas**

600 COMMERCE STREET, SUITE 200
DALLAS, TEXAS 75202
(214) 712-3400

June 5, 2018

Ms. Ashley Adkins
3400 Craig Dr., Apt. #1335
McKinney, Texas 75070

Mr. Casey Boyd
Basinger Leggett Clemons Shore Crandall, PLLC
5700 Granite Pkwy., Suite 950
Plano, Texas 75024

RE:     Court of Appeals Number:     05-18-00486-CV
        Trial Court Case Number:     416-51874-2013

Style:  *In the Interest of A.R.J., a Child*

Dear Concerned:

The Court has reviewed the clerk's record and questions its jurisdiction over this appeal. Specifically, it appears the trial court lacked jurisdiction to sign the Clarified Final Order in Suit to Modify Parent-Child Relationship. As a consequence, the notice of appeal appears untimely.

The trial court signed the Order in Suit to Modify Parent-Child Relationship on June 2, 2017. Appellee timely filed a motion to modify on June 28, 2017. It appears the motion to modify was overruled by operation of law. Accordingly, the trial court lost plenary power on September 11, 2017 and lacked jurisdiction when it signed the clarified final order on March 14, 2018. *See* TEX. R. CIV. P. 329b(e). With the June 2 order being the operative order, the notice of appeal was due on August 31, 2017, ninety days after the order was signed. *See* TEX. R. APP. P. 26.1(a).

So that the Court can determine its jurisdiction over the appeal, appellant is requested to file, by **June 18, 2018**, a letter brief of no more than 3 pages explaining how this Court has jurisdiction over this appeal. Appellee may file a responsive letter brief of no more than 3 pages within 10 days of appellant's brief. No extension of time will be granted. If any party will be relying on information not in the record before this Court, that party must obtain a supplemental clerk's record from the trial court containing that information.

The Court **SUSPENDS** the current deadline for appellant's brief on the merits. After it has received briefs regarding the jurisdictional issue, the Court will either (1) dismiss the appeal for want of jurisdiction or (2) notify the parties by letter that the Court appears to have jurisdiction over the appeal and set a new deadline for appellant's brief on the merits. We caution appellant that failure to file a jurisdictional brief by June 18, 2018 may result in dismissal of the appeal without further notice.

Respectfully,

/s/ Lisa Matz, Clerk of the Court

LM/rz